# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                            |    |                          |
|----------------------------|----|--------------------------|
|                            | *  |                          |
| **EDMUND AWAH,**           | *  |                          |
|                            | *  |                          |
| Plaintiff                  | *  |                          |
|                            | *  |                          |
| v.                         | *  | Case No.: RWT 09cv1732   |
|                            | *  |                          |
| **ERIC HOLDER,** *et al.*, | *  |                          |
|                            | *  |                          |
| Defendants.                | *  |                          |
|                            | *  |                          |

## MEMORANDUM OPINION

For the reasons set forth below, the Court will grant Defendants Eric Holder, Janet Napolitano, Michael Aytes, and Daniel Renaud's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Paper No. 17).

## BACKGROUND

Plaintiff Edmund Awah is a citizen of South Africa who entered the United States on September 14, 2002 with a J1 "Exchange Visitor Visa" that was valid until July 30, 2005. *See* Compl. ¶ 6. A J1 visa applies to an alien "who is coming temporarily to the United States . . . for the purpose of teaching, instructing, or lecturing." 8 U.S.C. § 1101(a)(15)(J) (2006). After teaching for two years, however, Plaintiff decided to pursue a career change. *See* Compl. ¶ 9. Plaintiff sought legal advice in regards to his immigration status, and in August of 2004 filed an Application to Register Permanent Residence or Adjust Status (Form I-485) and requested a visa pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(2) (2006). *Id.* ¶ 9; *see also* Defs.' Motion to Dismiss Ex. 1-2. The U.S. Citizenship and Immigration Service ("USCIS") denied Plaintiff's application on July 15, 2005 because he did not have a visa immediately available to him, as required by 8 C.F.R. § 245.2(a)(2)(i). *See* Defs.' Motion to Dismiss Ex. 1.

On the same day, USCIS also denied Plaintiff's request for a visa because he did not have a job offer, as required by 8 U.S.C. § 1153(b)(2)(A). *See* Defs.' Motion to Dismiss Ex. 2. Plaintiff then filed an appeal against the denial of the visa, which was also denied on March 14, 2006. *See* Defs.' Motion to Dismiss Ex. 3.

Plaintiff attempted, in June of 2006, to enroll in accounting courses at Montgomery College, but could not do so because he had not yet filed an Application to Extend/Change Nonimmigrant Status, requesting that his nonimmigrant status be changed to an F1 "student" classification. *See* Compl. ¶ 14. Plaintiff filed such an application in October 2006, which was denied in a letter dated March 24, 2008.[1] *See* Compl. ¶ 15; Defs.' Motion to Dismiss Exs. 4-5. In the letter, USCIS cited four reasons for the denial: 1) Plaintiff was not a bona fide student because his enrollment in school was merely to prolong his stay in the United States; 2) his authorized stay had already expired by the time his application was filed; 3) Plaintiff had not sufficiently shown that he had a residence abroad that he intended to return to; and 4) USCIS believed that Plaintiff had purposely provided false information in an attempt to gain an immigration benefit. *See* Defs.' Motion to Dismiss Ex. 5. In addition, USCIS informed Plaintiff that "[t]his decision may not be appealed," but should he "disagree with this decision . . . [he] may submit a Motion to Reopen or a Motion to Reconsider on Form I-290B, Notice of Appeal or Motion . . . within 33 days from the date of this notice." *Id.*

USCIS mailed the letter to the address listed on Plaintiff's application. *Id.* Plaintiff asserts that Defendants mailed the letter to an old address, despite the fact that Plaintiff filed a Change of Address notice with USCIS. *See* Compl. ¶ 32. Because of this, Plaintiff asserts that he did not

---

[1] Plaintiff states in his complaint that the application was denied on March 13, 2007, and that his subsequently filed Motion to Reconsider was denied on March 28, 2008. *See* Compl. ¶¶ 15-16. Plaintiff has not provided any record of this Motion to Reconsider, and Defendants have provided a denial of Plaintiff's application, dated March 28, 2008. Defs.' Mot. to Dismiss, Ex. 5.

receive the letter until three days before the deadline to file an appeal required by 8 C.F.R. 103.5(a)(1)(i).[2] *See id.* ¶ 32.

Plaintiff filed a Notice of Appeal or Motion ("Motion for Reconsideration") on May 8, 2008, and explained in a separate correspondence that he filed his motion after the deadline because USCIS mailed the notice of denial to the incorrect address. *See* Defs.' Motion to Dismiss Ex. 6. USCIS denied Plaintiff's motion on September 5, 2008 because it was not timely, and because this delay was not reasonable or beyond Plaintiff's control. *See* Defs.' Motion to Dismiss Ex. 7.

Plaintiff asserts that he was unaware of this denial until March 3, 2009, when he accessed the USCIS website. *See* Compl. ¶ 18; Compl. Ex. B. As late as February 23, 2009, the USCIS website indicated that Plaintiff's motion was still pending. *See* Compl. Ex. A. Plaintiff is not, and never has been, in removal proceedings. Compl. ¶ 24.

## PROCEDURAL HISTORY

On July 1, 2009, Plaintiff Edmund Awah filed a complaint in this Court against Defendants requesting injunctive, declaratory, and mandamus relief. Plaintiff challenges both the initial denial of his Application to Extend/Change Nonimmigrant Status and the denial of his Motion for Reconsideration, and requests to reopen and adjudicate his Application to Extend/Change Nonimmigrant Status. *See* Compl. at 1-2.

On December 29, 2009, Defendants filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction. *See* Paper No. 17. Plaintiff filed an opposition on January 21, 2010. *See* Paper

---

[2] In his Notice of Appeal or Motion, however, Plaintiff states that Plaintiff received the letter "on or around April 19," which was approximately a week before the Notice of Appeal or Motion was due. *See* Defs.' Mot. to Dismiss, Ex. 6 at 3.

No. 19. Defendants filed a reply on February 19, 2010, *see* Paper No. 24, and Plaintiff filed a

Motion for Leave to File Surreply on March 2, 2010, *see* Paper No. 25.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) presents a threshold

challenge to the court's subject matter jurisdiction. A court may resolve a Rule 12(b)(1) motion

in one of two ways.

First, if the defendant challenges the legal sufficiency of the plaintiff's jurisdictional

allegations, then a court may address the challenge on the face of the complaint. *See Adams v.*

*Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "[A]ll the facts alleged in the complaint are assumed

to be true and the plaintiff, in effect, is afforded the same procedural protection as he would

receive under a Rule 12(b)(6) consideration." *Id*.

Second, if the defendant has challenged the factual basis of the court's jurisdiction, then a

court may consider information extrinsic to the complaint and weigh conflicting evidence to

determine its jurisdiction. *Id*.; *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1993); *Star*

*Scientific Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 391 (D. Md. 2001). The

plaintiff has the burden of establishing jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642,

647 (4th Cir. 1999).

If a court is uncertain as to whether jurisdiction exists, it cannot proceed to consider the

merits of the case. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998);

*Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on

which relief could be granted is a question of law and just as issues of fact it must be decided

after and not before the court has assumed jurisdiction over the controversy.").

## ANALYSIS

**I.      District Courts Do Not Have Jurisdiction to Review Discretionary Agency Immigration Decisions**

Courts have consistently stated that the subject of immigration falls entirely within the realm of Congress. *See Fiallo v. Bell*, 430 U.S. 787, 792 (1977). As such, courts have determined that decisions regarding immigration are "largely immune from judicial control." *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 210 (1953).

In light of this Congressional power, the Immigration and Nationality Act states that:

> Notwithstanding any other provision of law . . .  and regardless of whether the judgment, decision or action is made in removal proceedings, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii) (2006). This statute explicitly precludes district courts from exercising jurisdiction over discretionary agency immigration decisions, regardless of "any other provision of law," or whether the decision was made in removal proceedings. *See Lee v. United States Citizenship and Immigration Serv.*, 592 F.3d 612, 619 (4th Cir. 2010); *Goumilevski v. Chertoff*, No. 2006-3247, 2007 WL 5986612, at *3 (D. Md. July 27, 2007).

**A.      The Decisions Plaintiff Challenges in His Complaint are Discretionary**

Plaintiff challenges the denial of his Application to Change/Extend Nonimmigrant Status and his Motion for Reconsideration. Both of these decisions are discretionary. *See* 8 U.S.C. § 1258 (2006); 8 C.F.R. § 103.5(a)(1)(i) (2005).

The Immigration and Nationality Act explicitly relegates the change of a nonimmigrant classification to the discretion of the Secretary of Homeland Security, stating:

> The Secretary of Homeland Security *may*,[3] under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status and who is not inadmissible under section 1182(a)(9)(B)(i) of this title . . . .

8 U.S.C. § 1258 (emphasis added); *see also Lee v. Mukasey*, No. CV-08-04976, slip op. at 2 (C.D. Cal. Dec. 5, 2008) (Defs.' Mot. to Dismiss, Ex. 8) (holding that the granting of a change of nonimmigrant status is purely a matter of discretion under 8 U.S.C. § 1258); *Castillo v. Dept. of Homeland Security*, No. Civ. H-04-4794, 2005 WL 2121550, at *3 n.6 (S.D. Texas Aug. 30, 2005) (same); *Azodi v. INS*, 515 F.Supp. 712, 714 (S.D. Ohio 1981) (same); *Lun Kwai Tsui v. Attorney Gen.*, 445 F.Supp. 832, 836 (D.D.C. 1978) (same).

Similarly, the decision to deny Plaintiff's Motion for Reconsideration (and not waive the timeliness requirement of thirty days) is also under the discretion of the Secretary of Homeland Security. Specifically, 8 C.F.R. § 103.5(a)(1)(i) requires that:

> [a]ny motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, *may* be excused in the *discretion* of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

(emphasis added); *see also Lee*, No. CV-08-4976, at 3 (holding that the denial of a Motion to Reconsider was discretionary).

Because these decisions are at the discretion of the Secretary of Homeland Security, 8 U.S.C. § 1252(a)(2)(B)(ii) renders them unreviewable, and this Court therefore lacks jurisdiction. *See Hassan v. Chertoff*, 593 F.3d 785, 788-89 (9th Cir. 2010); *Lee*, No. CV-08-4975, at 2-3 (holding that the Court lacked jurisdiction because of the discretionary nature of USCIS

---

[3] In discussing an analogous statute, the Supreme Court noted in *Haig v. Agee* that the term "may" expressly recognizes substantial discretion. 453 U.S. 280, 294 n.26 (1981).

decisions, in a case nearly identical to the one at hand); *Patel v. Chertoff*, No. 05-1304, 2006 WL

5908351, at *2-3 (D. Md. Aug. 31, 2006); *Castillo*, 2005 WL 2121550, at *3 n.6.

**II.     General Jurisdiction does not Apply when a Specific Jurisdictional Statute Governs**

Contrary to Plaintiff's arguments, the Court does not have federal question jurisdiction to

review discretionary agency decisions because the Administrative Procedures Act ("APA") and

the Mandamus Act do not confer jurisdiction in light of the express bar on jurisdiction of 8

U.S.C. § 1252(a)(2)(B)(ii). *See, e.g., Wade v. Blue*, 369 F.3d 407, 411 n.2 (4th Cir. 2004) (stating

that a specific limitation on federal court jurisdiction overrides the general grant of federal

jurisdiction); *United States v. Fausto*, 484 U.S. 439, 448-449 (1988) (holding that the Court did

not have jurisdiction when a specific statute limited judicial review).

**A.     The Administrative Procedures Act does not Confer Jurisdiction**

Plaintiff erroneously asserts that this Court has jurisdiction under the APA. *See* Compl.

¶ 1. The APA states that a "person suffering legal wrong because of agency action, or adversely

affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702

(2006).  However, the APA limits judicial review to only those agency actions made reviewable

by statute, and excludes from review any agency decisions which are precluded from judicial

review by law, or relegated to agency discretion by law. *See* 5 U.S.C. §§ 701(a)(1)-(2), 704

(2006).

Because 8 U.S.C. § 1252(a)(2)(B)(ii) explicitly precludes district courts from exercising

jurisdiction over discretionary agency immigration decisions, *see supra* Part I, § 701 of the APA

is inappropriate. *See Lee*, 592 F.3d at 619 (holding that the APA does not supersede this express

bar of jurisdiction, because courts cannot rely on a general jurisdictional statute when an

applicable specific statute limits jurisdiction); *Goumilevski*, 2007 WL 5986612, at \*5 (same); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1355 (S.D. Fla. 2007) (same).[4]

Because the Immigration and Nationality Act specifically bars judicial review of discretionary decisions and the APA expressly excludes discretionary decisions from the types of agency decisions that are judicially reviewable, Plaintiff's assertion that this Court has jurisdiction under the APA is incorrect.

### B.      The Mandamus Act

Similarly, Plaintiff erroneously asserts that this Court has jurisdiction to hear his claims under the Mandamus Act, 28 U.S.C. § 1361. *See* Compl. ¶ 1. The Mandamus Act is inapplicable for two reasons.

First, the Mandamus Act, like the APA, does not supersede a specific statutory bar to jurisdiction. *See Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 506 (4th Cir. 1999) (holding that, though the Mandamus Act grants district courts jurisdiction over any suit seeking mandamus, it does not override a specific statute that limits jurisdiction). Again, 8 U.S.C. § 1252(a)(2)(B)(ii) expressly bars judicial review over discretionary decisions by the Department of Homeland Security like the ones in question here.

Second, the Mandamus Act requires that the United States owe a clear, nondiscretionary duty to the plaintiff. *See* 28 U.S.C. § 1361 (2006); *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988). To demonstrate a clear, nondiscretionary duty, a plaintiff must show: 1) that he has a

---

[4] Moreover, courts have consistently found that the APA itself does not confer subject matter jurisdiction on the federal courts. *See Califano v. Sanders*, 430 U.S. 99, 106-07 (1977); *Schilling v. Rogers*, 363 U.S. 666, 667 (1960); *Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 301 (4th Cir. 2000). Instead, there must be an independent jurisdictional basis present in order for a claim for judicial review under the APA to go forward. *Sigmon Coal Co.*, 226 F.3d at 301 ("Rather, 28 U.S.C. § 1331 serves as the jurisdictional basis for federal courts to review agency action."); *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 282 (9th Cir. 1988).

clear legal right to the relief sought; 2) that the respondent has a clear legal duty to do the particular act requested; and 3) that no other adequate remedy is available. *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). The duty of the officer must be ministerial and so plainly prescribed as to be free from doubt. *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994); *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir.1992).

In the case at hand, the agency decisions were entirely discretionary. The USCIS had no mandatory duty to either approve Plaintiff's Application to Change/Extend Nonimmigrant Status, or consider his subsequent untimely Motion for Reconsideration. Plaintiff argues that mandamus is appropriate because, by mailing the denial of his application to an old address and delaying the status notification of his Motion for Reconsideration online, Defendants violated their own standards. *See* Pl.'s Opp'n to Mot. to Dismiss ¶ 3. Plaintiff does not, however, point to any statutory or regulatory requirements governing USCIS' notification of application status and the Court is aware of no such requirements.

Plaintiff also asserts for the first time in his Motion for Leave to File Surreply that the USCIS's untimely notification violates his Constitutional rights. *See* Pl.'s Mot. for Leave to File Surreply ¶ 4. Plaintiff cannot, however, use a surreply to amend his complaint. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). A surreply may be filed when "the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Id.* (citations omitted). Plaintiff had an opportunity to raise his Constitutional claims in his original complaint. Therefore, his surreply should is improper. However, even if the Court were to consider his Constitutional claims, it is clear that they have no merit.

In sum, it appears that Defendants did not owe Plaintiff a clear, nondiscretionary duty, and the Mandamus Act does not provide jurisdiction.

**III.    Conclusion**

Because the Immigration and Nationality Act expressly proscribes judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status and the waiver of the timeliness requirement for a motion to reconsider, this Court does not have jurisdiction to hear Plaintiff's claims.

Accordingly, the Court shall dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[5]

A separate Order follows.

June 23, 2010                                        /s/
Date                                        Roger W. Titus
                                        United States District Judge

---

[5] The Court shall also deny Plaintiff's Motion for Entry of Entry of Default for Want of Answer or Other Defense (Paper No. 10) because the US Department of Justice and US Department of Homeland Security are not parties to this case.